<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SURGICAL ORTHOMEDICS, Inc., et al., | : : : | Civil Action No. 12-6652 (ES) |
| Plaintiffs, | : : | |
| v. | : : | |
| BROWN RUDNICK LLP, et al., | : : | OPINION |
| Defendants. | : | |

<u>S</u>ALAS, <u>D</u>ISTRICT <u>J</u>UDGE

  This matter comes before the Court on Defendants Brown Rudnick LLP and Emilio Galvan, Esq.'s (collectively "Defendants") Motion to Dismiss Plaintiffs Surgical Orthomedics, Inc., Steven Hewes, and Andrew Hewes's (collectively "Plaintiffs") Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, transfer this action to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1404(a). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' Complaint.

### I. BACKGROUND

  On September 26, 2012, Plaintiffs filed suit against Defendant law firm and a partner of the law firm for breach of duty of care in rendering legal services which resulted in an unfavorable arbitration award against Plaintiffs.[1] (D.E. No. 1, Complaint ("Compl.") at 5). Specifically, Plaintiffs allege that Defendants breached their duty of care by failing to, among

---

[1] The above suit was originally filed in the Superior Court of New Jersey, Morris County Law Division. The case was then removed by Defendants to this Court on October 19, 2012.

other things, "provide proper legal advice . . . properly advise the plaintiffs regarding the [case] . . . properly supervise the day to day handling of the [case] . . . [and] assert a counterclaim on behalf of the plaintiffs." (*Id.* at 5-6). Plaintiffs also allege that Defendants' legal fees are "excessive, unreasonable, and unnecessary" and as a result of their negligence, Defendants are "not entitled to any legal fees." (*Id.* at 7-8).

Defendants refute the above allegations and highlight the forum selection clause agreed to by Plaintiffs, which establishes New York as the "exclusive forum for any and all disputes arising out of their business relationship." (D.E. No. 4, Def. Br. in Supp. of Mot. to Dismiss ("Def. Br.") at 1). Such a clause, Defendants argue, requires this Court to dismiss the action, or, alternatively, transfer it to New York. (*Id.*). According to Defendants, Plaintiffs, who are Texas citizens, "raced to a Texas court in December 2011 [] to prevent [Defendants] from filing a collections lawsuit in New York." (*Id.*). The Texas court granted Defendants' motion to dismiss because of the New York forum selection clause. (*Id.*). As such, Defendants argue, Plaintiffs are now collaterally estopped from challenging the parties' forum selection clause here in New Jersey as that issue has already been litigated and a final decision was rendered in Texas. (*Id.*). Defendants also note that days after the Texas court ruled, Plaintiffs filed suit in New York, but the day before Defendants' responsive pleading was due, Plaintiffs voluntarily dismissed the New York complaint and within twenty-four hours of dismissal, filed suit in New Jersey Superior Court. (*Id.* at 1-2). Finally, Defendants argue that even if this Court was to keep the instant action, the action should be dismissed for failure to state a claim; namely, for failure to plead causation, failure to state a claim for relief under New York law, and duplication of the failed malpractice claim. *(Id.* at 13).

## II.     ANALYSIS

### A.     Legal Standard

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).  But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[;] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### B.     Collateral Estoppel

Defendants argue that the May 11, 2012 Order entered by the District Court of Dallas County, Texas (the "Texas Order"), "which fully and finally determined that the Engagement Letter's forum selection clause applied to the Plaintiffs and their malpractice claim," precludes Plaintiffs from presently challenging the forum selection clause in this Court. (Def. Br. 5).

When a motion to dismiss "is made on the basis of collateral estoppel, it is usually necessary for the court to examine the record of the prior trial, unless it appears on the face of the complaint that it is barred by issues decided in the prior adjudication.  Reasonable doubt as to what was decided by a prior judgment should be resolved against using it as an estoppel." *Kauffman v. Moss*, 420 F.2d 1270, 1274 (3d Cir. 1970).  Additionally, under 28 U.S.C. § 1738, a federal court is required "to give the same preclusive effect to state court judgments that those

judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chem. Const. Corp.,* 456 U.S. 461, 466 (1982).

In examining the record of the prior trial, as mandated by *Kauffman*, it appears that the District Court of Dallas County, Texas, heard oral testimony on March 1, 2012 on "Defendants' Motion to Dismiss Pursuant to Forum Selection Clause." (D.E. No. 4, Affidavit of Andrew B. Ryan in Support of Defendants' Motion to Dismiss, or, in the Alternative, Transfer Venue ("Ryan Aff."), Ex. J at 1). On May 11, 2012, the Texas court granted Defendants' motion to dismiss "on the basis of a forum-selection clause, Plaintiffs' response, the pleadings on file, and arguments of counsel." (Ryan Aff., Ex. L). It seems very clear to this Court that the Texas court addressed the forum selection clause presently at issue.

Notwithstanding the Texas court's clear address of the forum selection clause, Plaintiffs argue that the Texas Order is not dispositive because "[t]he Order was one page[,] [t]here was no written opinion and no statement of findings of fact and conclusions of law." (Plaintiffs' Brief in Opposition to Motion to Dismiss or to Transfer Venue ("Pl. Br.") at 6). Such an argument is unpersuasive. Plaintiffs cite to no caselaw or local rule(s) that a court order be written and contain a statement of findings of fact and conclusions of law in order to be valid. Plaintiffs merely cite to the Restatement (Second) of Judgments regarding issue preclusion. (*Id.* at 7). To be clear, the Third Circuit has opined on issue preclusion and held that in New Jersey, issue preclusion is appropriately invoked when: (1) the issue is identical to an issue decided in a prior proceeding; (2) the issue was actually litigated in a prior proceeding; (3) the prior court issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom issue preclusion is asserted was a party or in privity with a party to the earlier proceeding. *Del. River Port Auth. v. Fraternal Order of Police,* 290

F.3d 567, 573 (3d Cir.2002) (citations omitted).  Additionally, the prior proceedings must have satisfied the minimum procedural requirements of the Due Process Clause, which requires notice and an opportunity to be heard.  *See Kremer,* 456 U.S. at 481–82.

Applying the Third Circuit's test, the Court finds that Plaintiffs are indeed precluded from proceeding with the instant action.  First, the issue presently being litigated is identical to the issue previously litigated in Texas.  The Texas court addressed an identical motion to dismiss brought on the very same grounds that presently occupy the Court's attention—motion to dismiss pursuant to a forum selection clause.

Second, the issue was actually litigated in a prior proceeding.  Plaintiffs incorrectly assert that "there was never any hearing, much less any ruling, regarding the application of that [forum selection] clause to litigation in New Jersey." (Pl. Br. 7).  The issue at hand—the forum selection clause—was in fact dealt with and decided after oral argument of counsel and the pleadings on file. (Ryan Aff., Ex. L).  The pleadings and oral testimony were presented by the same parties in the present action.  The test is not whether the other court (Texas) dealt with the issue as it relates to the other state (New Jersey), as is argued by Plaintiffs; the correct test is only whether the issue at hand was dealt with in any prior proceeding.  *See Del. River Port Auth.,* 290 F.3d at 573.  This Court is satisfied with the Texas court's address of the forum selection clause.[2]

Third, the prior court in Texas issued a final judgment on the merits of Defendants' motion to dismiss pursuant to the forum selection clause.  *See id.*  Fourth, the determination of whether or not the forum selection clause was enforceable was indeed essential to the court's ultimate judgment of dismissal.  Fifth, the parties against whom issue preclusion is presently

---

[2] The Texas court made its determination after Plaintiffs responded to Defendants' motion to dismiss pursuant to the forum selection clause with "34 pages of briefing and exhibits (including a sur-reply), and twice amended their petition to try to artfully plead around the forum selection clause." (Def. Br. 6).  In addition, the Texas court heard oral testimony that created a 61-page record before making its determination. (Ryan Aff., Ex. J).

being asserted—Surgical Orthomedics, Steven Hewes, and Andrew Hewes—are the identical parties in the prior proceeding.[3]

Finally, in reviewing the Texas court's proceedings, which included a review of the parties' pleadings and oral testimony on the motion to dismiss, this Court holds that the Texas court "satisf[ied] the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause," which requires notice and an opportunity to be heard. *Kremer,* 456 U.S. at 481–82. As such, this Court finds that Plaintiffs are collaterally estopped from bringing this action in New Jersey.

### C. The Contractual Forum Selection Clause

In addition to the collateral estoppel argument, Defendants argue that dismissal, pursuant to Fed. R. Civ. P. 12(b)(6), is appropriate because the agreed-upon New York forum selection clause prevents Plaintiffs from bringing the instant action in New Jersey. (Def. Br. 8). Such a Rule 12(b)(6) dismissal "is a permissible means of enforcing a forum selection clause that allows suit to be filed in another federal forum." *Salovaara v. Jackson Nat'l Life Ins. Co*., 246 F.3d 289, 298 (3d Cir. 2001). Forum selection clauses, such as the one at issue, "are entitled to great weight, and are presumptively valid." *Wall St. Aubrey Golf, LLC v. Aubrey*, 189 F. App'x 82, 85 (3d Cir. 2006). Defendants also argue, as an alternative to dismissal, for transfer to the Southern District of New York, pursuant to 28 U.S.C. § 1404. When a "defendant moves under Rule 12, a

---

[3] The Texas lawsuit did contain two additional parties who are not present in the instant litigation—The Law Office of Teresa Ford, P.C. and Teresa I. Ford. However, this is of no moment because the parties *against whom issue preclusion is presently being asserted*—Surgical Orthomedics, Inc., Steven Hewes, and Andrew Hewes—are the identical parties of the Texas lawsuit.

district court retains the judicial power to dismiss notwithstanding its consideration of § 1404."[4] *Salovaara*, 246 F.3d at 299.

The Third Circuit directs that forum selection clauses should be enforced unless the party objecting to enforcement establishes that "[1] it would be the result of fraud or overreaching, [2] enforcement would violate a strong public policy of the forum, or that [3] enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." *Hoffer v. InfoSpace.com, Inc.*, 102 F. Supp. 2d 556, 563 (D.N.J. 2000) (quoting *Reynolds Pub., Inc. v. Graphics Fin. Grp., Ltd.,* 938 F.Supp. 256, 263 (D.N.J. 1996)); *see also Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.,* 709 F.2d 190, 202 (3d Cir. 1983).

Here, Plaintiffs, as the objecting party, fail to satisfactorily meet the aforementioned elements. First, Plaintiffs make no allegation of fraud relating to the Engagement Letter containing the forum selection clause. Plaintiff Steven Hewes of Surgical Orthomedics signed the five-page Engagement Letter sent by Defendant Emilio Galván on July 22, 2009. (Def. Br. 9, citing Ryan Aff., Ex. A at 5). The Engagement Letter signed by Plaintiff Hewes included the following forum selection clause: "[E]ach of Brown Rudnick and the Clients agree that any action or proceeding [] arising out of the dispute will be brought in a state or federal court located in the State and City of New York, which shall have *exclusive jurisdiction* of such matter." (Ryan Aff., Ex. A at 3) (emphasis added).

Second, Plaintiffs make no allegation of inconvenience if the lawsuit were litigated in New York. Even if they did allege inconvenience, they would have a difficult time credibly doing so. Plaintiffs would have to show "that trial in the contractual forum will be so gravely

---

[4] Accordingly, this Court will only address Defendants' Rule 12(b)(6) argument and not its § 1404 transfer argument.

difficult and inconvenient that [they] will for all practical purposes be deprived of [their] day in court. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to [their] bargain." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 18 (1972).

Plaintiffs do, however, make a public policy argument. Plaintiffs argue that New Jersey is the proper venue because the legal services at issue arose in New Jersey, and as such, public policy mandates it be litigated here. (Pl. Br. 2). Plaintiffs further argue that the New Jersey Court Rules and the Rules of Professional Conduct ("RPC") mandate that any attorney appearing *pro hac vice*, as Defendant Emilio Galván, Esq. did, are "deemed to submit to jurisdiction in New Jersey and that any attempts to circumvent [said rules] by virtue of a forum selection clause in a retainer agreement are void as against public policy." (*Id.*).

However, to defeat the instant forum selection clause by citing to public policy concerns, Plaintiff must prove that enforcing the clause would violate a strong public policy of New Jersey, as "declared by statute or judicial decision." *M/S Bremen*, 407 U.S. at 15. Plaintiffs cite to no statute or case in support of their public policy argument. Instead, Plaintiffs rely on Rules 5.5 and 1:21-2 of the RPC to argue that lawyers admitted *pro hac vice* are to be subject to the New Jersey Supreme Court's "exclusive authority to govern the conduct of attorneys who practice in this jurisdiction," and that "to construe the authorities in any manner other than to conclude that a pro hac vice attorney is subject to personal jurisdiction in New Jersey and that any attempt to avoid that jurisdiction is void as against public policy." (Pl. Br. 15). Plaintiffs further argue that Defendants are, in effect, "attempting to avoid their obligations pursuant to [aforementioned court rules]." (*Id.*).

Defendants disagree and argue that Plaintiffs' reliance on the RPCs is misplaced and has "nothing to do with the jurisdiction or forum for legal malpractice claims." (D.E. No. 11, Defendants' Reply in Support of Motion to Dismiss, or, in the Alternative, to Transfer Venue ("Def. Rep.") at 3). The Court agrees. As correctly pointed out by Defendants, RPC 5.5 does require law firms and their lawyers to be subject to the New Jersey Supreme Court's disciplinary authority, but it does not bar forum selection clauses. RPC 5.5 maintains, in relevant part, that:

> A lawyer admitted to practice in another jurisdiction who acts in this jurisdiction pursuant to paragraph (b) above shall:
> (1) be licensed and in good standing in all jurisdictions of admission and not be the subject of any pending disciplinary proceedings, nor a current or pending license suspension or disbarment;
> (2) be subject to the Rules of Professional Conduct and the disciplinary authority of the Supreme Court of this jurisdiction;
> (3) consent in writing on a form approved by the Supreme Court to the appointment of the Clerk of the Supreme Court as agent upon whom service of process may be made for all actions against the lawyer or the lawyer's firm that may arise out of the lawyer's participation in legal matters in this jurisdiction, except that a lawyer who acts in this jurisdiction pursuant to subparagraph (b)(3)(ii) or (b)(3)(iii) above shall be deemed to have consented to such appointment without completing the form;
> (4) not hold himself or herself out as being admitted to practice in this jurisdiction;
> (5) maintain a bona fide office in conformance with R. 1:21-1(a), except that, when admitted pro hac vice, the lawyer may maintain the bona fide office within the bona fide law office of the associated New Jersey attorney pursuant to R. 1:21-2(a)(1)(B); and
> (6) except for a lawyer who acts in this jurisdiction pursuant to subparagraph (b)(3)(ii) or (b)(3)(iii) above, annually register with the New Jersey Lawyers' Fund for Client Protection and comply with R. 1:20-1(b) and (c), R. 1:28-2, and R. 1:28B-1(e) during the period of practice.

N.J. Ct. R. RPC 5.5(c)(1)-(6) (2012).

At hand is a claim for legal malpractice, which may or may not be brought in New Jersey. If this were a disciplinary action brought by a state ethics committee, claiming a violation of RPC 5.5, then surely New Jersey would be the proper venue. Such is not the case here. Here, the Court decides a motion to dismiss pursuant to a forum selection clause. To defeat such a motion, Plaintiffs must prove the clause is unenforceable. Plaintiffs have failed to make such a showing. Accordingly, Defendants' Motion to Dismiss is granted.[5]

## III.  CONCLUSION

For these reasons, the Court GRANTS Defendants' Motion to Dismiss with prejudice.[6] An appropriate Order follows this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[5] The Court decides the motion without addressing the Defendants' 12(b)(6) failure to state a claim argument because the threshold arguments of collateral estoppel and forum selection both properly dismiss the matter at hand.

[6] "[C]ourts must provide the opportunity to amend a complaint that is subject to a Rule 12(b)(6) dismissal unless doing so would be inequitable or futile." *Reuben v. U.S. Airways, Inc.,* 500 F. App'x 103, 105 (3d Cir. 2012) (citing *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 245 (3d Cir. 2008)). Allowing an opportunity to amend in the instant action would be futile: Plaintiffs cannot overcome the collateral estoppel bar.